Good morning, Your Honors. My name is Gary Sugunuma. I am one of the Deputy Attorneys General representing the appellant, Hawaii Department of Education, in this appeal. The District Court erred when it granted appellee an automatic state put injunction because the student at that point had basically aged out of eligibility pursuant to Hawaii law, which is Act 163. There is no dispute that the student, at the time the student asked for a state put, was already beyond the age limitation of 20. And accordingly, it is our position that the student was no longer entitled to any of the procedural safeguards under the I.D.A. The student was not entitled to any of the benefits under the I.D.A., including state put. Isn't it true that at the time he requested a due process hearing, he was still enrolled in special education? That was exactly going to be my question. That is correct. The student actually filed for due process approximately a month before his services were terminated. So isn't it incorrect to say that he aged out? I think it's correct because at the time the services were terminated, there is no dispute, Act 163 was effective for nearly a year. That Act became effective on July 1, 2010. And just because they beat the clock and filed for due process before aging out from eligibility pursuant to Act 163. You've got to be careful with your language, don't you? Just because they beat the clock, they filed timely. If they filed timely, they filed timely. Isn't that so? They filed timely, but the effect of Act 163 is to basically cut off eligibility. So regardless of whether or not they filed prior to turning 20, upon turning 20 or upon services being terminated pursuant to Act 163, the services are terminated at that point. What's your authority for the proposition that despite the fact that the appellant filed prior to being aged out, that he wasn't entitled to invoke the state put provision at least during the pendency of his challenge? No one disputes. None of the parties nor did the district court dispute that the absolute cut off date for eligibility under the IDA is age 22. No one disputes that. In fact, appellee in this case, when they ask for state put before the district court judge, they only ask for services or state put until age 22 if, I mean, they acknowledge that there's an absolute cut off date under federal law. It's not that they can file before turning 22 but during the pendency of a dispute that lasts beyond the age of 22 that they're entitled to services. They've never taken that position. They acknowledge that 22 is the absolute cut off. So it should follow that if Congress gave the states the authority to lower the age limit to something less than 22, which Hawaii has followed in enacting Act 163 to make the age eligibility at 20, then why shouldn't it apply the same way? You turn 20, your services are terminated. That's it. There's no dispute that Act 163 at the time, even now, it's a valid basis for the state of Hawaii to terminate services at age 20. It's being challenged, sure, but unless and until the Act becomes invalidated or it's determined that the state of Hawaii is improperly relying upon it to cut services at 20, that law must be applied. And if you apply the law, then you don't get any benefits under the IDA upon aging out under Act 163. Well, something you say is true about benefits. As I read it, the stay put provision is an automatic preliminary injunction that applies when the request, and this was two months before he aged out, when the request for a due process hearing is filed. And there are cases that so hold that were cited in the briefs. Stay put is correct. It is an automatic injunction, but stay put has to be invoked. In this case, stay put wasn't invoked until a stay put motion was filed after the filing of the due process. The motion doesn't have to be filed as I read the cases. It's just when he requests the due process hearing two months before he aged out, that was sufficient under case law. Even if that's the case, he could get stay put until age 20, but pursuant to state law, stay put is cut off once he reaches 20. That doesn't mean that he can't pursue his challenge. What is your authority for that? Honestly, I don't think any cases have ever taken that specific point up. Although, as I said earlier, everyone's in agreement that there has to be a cut off age for it. And even appellees don't dispute that the order limit is 22. They've never took a position that they're entitled to services beyond the federal age limit. What I'm arguing is that there's an undisputed state age limit, and so it should be the same way. Well, as I read the cases, during the pendency of any proceeding conducted pursuant to this section as 20 U.S.C. 1415J, the child shall remain in the then current educational placement of the child. So the fact that he requested the due process hearing puts it in a very narrow category. It stays in that until that hearing takes place. I think it's a gray area. I'm not aware of any cases where a student has filed for due process prior to turning in a state where they haven't lowered the age limit. I'm not aware of a single case where... There is a case in the Seventh Circuit, and it was cited in the briefs. The Board of Education of Oak Park and River Forest High School District, 79 Penn 3rd, 654, in the Seventh Circuit case. That's the only case that I found, but it specifically says everything stays put until the hearing takes place, even though the motion has not yet been filed. That's the case that you're looking for. And that is the issue in this case. It's about the state put provision. It has nothing to do with the merits here. It has to do with the state, and that raises the question of mootness, but because this is capable of repetition, it would not be moot, even though he has aged out at the actual time of the hearing. I'm not aware of any of the Oak Park case involving a child that was over 22. All right. Well, I suggest you look at the Oak Park case at your leisure. It's cited in the briefs. Yano, even if a student, well, our position is that the approach taken by Judge Ezra in the KK case, which required, in light of Act 163, required the student in that case, in order to receive continued services beyond the age of 20, to basically ask for preliminary relief because student was no longer intended to an automatic injunction. Our position is that that case is very instructive because the facts are very similar to this case. That case involved also a student that's a member of the RPK and ERK class action lawsuit, just as AD in our case is. We think... What is the issue before us in this case? The issue before us in this case is whether or not it was appropriate for the district court to grant an automatic state court injunction when student had already... It's only with the state court injunction. It deals not with the merits of the case. It deals with the state court injunction, whether it was appropriate and whether or not it was timely. Is that correct? That's correct. Well, our position is, yeah, I mean, we're not getting to the merits. The merits of the case are not up on appeal. That's not up on appeal. So it's a question strictly... It's a legal question. It's whether or not the student here can basically find a way around Act 163 and get continued services pursuant to the state court provision. And our position is that it should be what Judge Ezra said in the KK case, that once you turn 20, you don't get any benefits under the I.D., including state court. So a preliminary injunction motion would have been the proper vehicle. We're not... So all we're saying is that the motion brought below before the district court judge was a motion for state court asking for the automatic injunction. We're just saying that that should have been denied. Of course, the court could have modified or could have considered it as a motion for preliminary injunction, but it never did because it tried to distinguish KK based on the fact that in that case a student was trying to, quote unquote, restore services, which is exactly what happened in this case. In this case, services were terminated at the end of July 2011. He didn't ask for state court restoration of services until January of 2012, so sometime later. And unless you have any questions, I would like to reserve the rest of my time for rebuttal. All right. Thank you. Thank you. Good morning, Your Honors. My name is John Dellera, counsel for the plaintiff. May it please the Court. The only question on this appeal is the standard that the district court should have used in applying state court. I think the defendant mischaracterizes the issue, the basic issue of Act 163 in arguing that somehow our position is Act 163 is invalid. The question here is whether Act 163 effectively reduced eligibility for IDEA services in the state of Hawaii, and we take the position that it did not for the reasons that were discussed in the class action appeal. That issue is relevant to the question of statehood because it's really a question of what standard should the district court apply. The defendant essentially argues that you have to reach the higher standard for a preliminary injunction which would effectively abolish statehood. If everyone had to show a likelihood of success on the merits, all of the cases that hold merits are not applicable in a statehood context would be effectively overruled and a child would not be able to be able to receive statehood. Mr. Dellera, I think his point is, statehood for how long? So age 20 until such time as the matter is resolved in court. Well, Your Honor, under the statutory scheme of the IDEA, the federal statute provides for a FAPE up until age 22. It gives the states the right, the option to reduce that age if it does so for everyone. And the question here is whether Act 163 is an effective reduction of age eligibility. I say it's not because public education is made available to students who are over 20 in the adult education program and that, therefore, public education in Hawaii under the state law lasts at least until 22. Of course, it goes beyond 22, but 22 is an effective cutoff because of the federal rule that IDEA services only apply until age 22 unless a state has effectively reduced that. So what would have happened here as a practical matter if the statehood was requested at age 20? Would it have terminated or would it have continued until some future date? I think we had raised a legitimate, genuine question about age eligibility by filing the request for due process in June of 2011. And under the statute, under Section 1415J and under the Joshua A. decision of this Court, the injunction that is granted by statute is automatic. It stays in place until the end of the due process hearings and until the end of all appeals, including an appeal through this Court. Now, the defendant has argued res judicata. I would say that res judicata is not a bar to my client, even though he was a member of the class, raising these questions for a number of other reasons because of the fact that stay put remains in place up until all appeals have been decided. And we asked for stay put before Judge Ezra made a decision in the class action. Judge Seabright stayed the appeal from the administrative ruling until the appeal, in this case, the class action was decided so effectively. I think that under the stay put statute, we are entitled to stay put for my client until this Court makes a decision. Suppose instead of one month prior, it had been maybe one week prior. In your view, then the stay put would have continued until the Court resolved it, no matter how long it took? I think you could make a motion. I think you could commence a due process proceeding one day before you would lose eligibility. I don't think the statute says otherwise. In fact, the statute provides that the purpose of the stay put provision following the Supreme Court's decision in Honig v. Doe was to prohibit school districts from unilaterally excluding disabled children from education or disabled young people from education. And here what's going on is that the DOE is in effect interpreting Act 163 as reducing eligibility for IDEA services when all it does is to reduce eligibility for admission to traditional high schools. It doesn't even apply to my client who has been in private school since he was seven years of age. And so for the DOE to interpret Act 163 as effectively excluding him from public education until he gets some kind of an injunction against it effectively denies him of the rights that Congress granted in Section 1415J. So in your view, our decision should be what? Your decision should be to affirm the district court to find that the stay put order was valid, that the correct standard was used. The motion here was a motion for stay put. It was not a motion for a preliminary injunction invoking stay put, as was the case in the ND case. There are several salient differences between a stay put motion and a preliminary injunction motion that invocates, that affects a stay put injunction. One is statutory, and that's the one we used. One is equitable within the power of the court. Hearings are not expedited for a stay put motion. In this case, it took three months for the court to decide that. In a PI situation, in a TRO, you often have a hearing within hours. A stay put order continues through all appeals, as I've said. A preliminary injunction would only go as long as the court had granted the injunction. It might have to be renewed if the circumstances change. There's no bond requirement for a stay put order. There is for a preliminary injunction. And stay put is available only during a due process hearing. You can't get stay put if you have a plenary action asking for relief under IDEA that's not subject to administrative exhaustion. There are several reasons, and the defendant confuses the two and insists that we had to make a motion for a preliminary injunction citing the other cases, KK, in which that was the case. And I would say that in some of those situations where a preliminary injunction was sought, the reason for it was the student was in public school, and the DOE took the position that we're not required to educate you after you're 20. They unilaterally decided that that is what the statute means. The only way to get effective relief for a student in public school was to get a TRO or a preliminary injunction. In my case, AD was in a private school which had very generously in the past extended education without getting paid by the DOE in hopes that eventually they'd win the case and then be reimbursed. And so it wasn't necessary for me to make a motion for a preliminary injunction or a TRO in order to keep my client in school getting services. All I had to do was to pursue reimbursement through the legal process, and I did that through making a motion for stay put. I think the differences in those procedural rights explains to a great extent how the Department of Education is mistakenly viewing this case. Now Judge Seabright, I'm also taking the position here that this question of the proper standard for granting stay put was waived by the defendant by not having raised this before the district court. And I think it's important because for a number of reasons this court's decision in Ruiz v. Affinity Logistics decided last year analyzed the court's discretion to consider an argument on appeal that has not been raised below. And said basically there are three situations where that can be done. It's an exceptional case involving the integrity of the judicial process. A new issue arises. I don't think either one of those applies here. But the third may, where the issue presented is purely one of law and either does not depend on the factual record developed below or the pertinent record has been fully developed. Well here the defendant is basically saying, not addressing any of the substantive issues that I have addressed by talking about the heightened standard mandated by Winter. And has said that since that really wasn't considered by the district court below, this court should remand if it finds that the district court used the wrong automatic standard and that heightened standard of Winter should have been applied, that the case should be remanded. Well it seems to me that admits that this court should not consider the argument, the basic central argument that the DOE makes here because the record was not fully developed. Let me explore your waiver argument for a moment because it seems to me the DOE argued all along that look, Hawaii passed Act 163, the cutoff age is now 20 years old and that's the reason why he's not entitled to a state provision. That argument has persisted throughout from the DOE. So I'm not sure I understand the waiver argument. Well that argument goes to the merits. I mean they are taking the position that my client ages out. Judge Seabright described it as circular. I think it does beg the question and that's why I started by saying the real question here is whether state law effectively reduces age eligibility in accordance with section 1412A1 or whatever it is of the IDEA. And that statute was enacted by Congress in 1975 for the purpose of guaranteeing equal educational opportunity for disabled young people and children. And the reason that Congress enacted the statute with a very large consensus behind it was to assure that there is no unilateral deprivation of equal educational opportunity. The question of what standard to apply goes to whether, as I said, a preliminary injunction is needed or whether it really is an automatic statehood that protects the interests of the child who is disabled until the litigation has been concluded. And there's no question I think here that if preliminary injunction standards were applied there would be no such thing as statehood. Now what Judge Seabright said was that an automatic injunction really may not always be automatic. You could have a case where the claim is frivolous. There might be a very short period of time where an IEP was not in effect and you might have a technical violation of the IDEA but it wouldn't make any sense, the district court said, to apply statehood for a perhaps extended period of time. And so he uses the standard plausible and genuine. And the point about waiver is that he specifically asked the defendant's counsel to address that question. And counsel simply said, I think it's a question of jurisdiction and then relied on this merits argument that Act 163 somehow forecloses my client. However, where there are plausible and genuine arguments that age eligibility does apply, and here we made additional arguments in this case that were not made in the class action, for example, about using testimony that children, young people were steered from the regular class into the, into the adult school. And following up Judge Nelson's question, there is this whole issue of certificate track students. I mean, many disabled children in K-12 programs don't get a full high school diploma. They are on a certificate track which is very similar to the C-base certificate that you get on life skills and behavioral issues in the adult school. And so we made the argument that all these things are really relevant to the question of determining age eligibility as well as a race judicata bar. Judge Seabright applied that plausible and genuine standard and decided to issue a state court order. I think his order was consistent with the intent of Congress. I think it would have been inconsistent with the statute if the court had accepted the defendant's request. I've gone into in the brief to a greater extent that even if a higher standard applied, I think that we have made the argument that age eligibility was not effectively reduced by the state of Hawaii because of all of these other programs they have, and that my client is not foreclosed. And unless there are any questions, I'll conclude. All right. Thank you, counsel. Thank you. Your Honors, I'd like to first address the waiver argument. It's been, as Judge Nguyen indicated, it's always been the DOE's position that Act 163 cut off services at 20, and this is true for all sections of the Act, including the automatic state court injunction provision. Even if you believe that there was a failure on the Department's part for not, for example, citing specifically to the KK decision and arguing specifically that appellees needed to get a preliminary injunction, it's sort of a question of law, and that's one of the exceptions of waiver, as Mr. Delaware acknowledged. It's a question of law, and it doesn't depend on any of the facts other than the fact of student turning 20, which is not in dispute. The timing of student turning 20 is not in dispute. I would also note that Judge Seabright, in his order granting statehood, cited to the applied the preliminary injunction standard as opposed to granting an automatic state court injunction. The argument made by Mr. Delaware that he finds, I guess, some kind of significance in the fact that this student was placed at a private school by the DOE at DOE expense as opposed to being in the public school, to me, I don't see the significance of that. It's the DOE's acknowledgment that perhaps it doesn't have a program that can properly service the child upon a public school campus, but nonetheless, I mean, it's under the DOE's obligation to provide a FAPE to the student, and it chose to put him in a private school at public school expense, so that shouldn't change anything. It doesn't make sense that the department doing the right thing in placing a student in an appropriate placement somehow obligates the department to provide services up to a higher age limit than if the department was servicing the child on a public school campus. The Act 163 is, and I want to address the issue regarding termination of eligibility under the DOE, I don't think anybody's confused about the facts in this case. His point is, I gather, we wanted a due process argument. We wanted to have it, and we wanted him to stay put until such time as that took place by asking timely, and he recognizes somebody might decide there was some delay in asking, but they were timely, and that, in his view, stayed everything until such time as he had the due process determination. Now, I think I understand what you're arguing, because I think it's consistent with your brief, but he raises what he thinks and what he wants us to conclude. It's a very different argument. His point is, all right, forget about the time. We wanted to argue due process, and we feel that we had a right to hold everything constant until such time as that argument could be held, regardless of when it could be held, regardless of age, because that's one of the problems we are raising. And if they wanted to challenge based on initial due process regarding the state's reliance on Act 163, they can do that, and they're doing it, but in order for them to get preliminary relief, which is continued eligibility, they need a preliminary injunction. They can't avail themselves of the automatic injunction provision of the IDEA, and that's always been our position. And I think that's what we're trying to do. I'm not presiding, but you look at that clock. I'll give you a little bit extra time. You were going to respond to something. I just wanted to address the Board of Education of Oak Park v. River Forest High School. The Oak Park case is really distinguishable from this case because they were asking for something different here. But they discussed in the case the very issue that they didn't deal with the precise issue, but they raised the issue about a stay put under a due process clause. There is no case, you're quite right, there's no Ninth Circuit case, there's no other case that's directly on point that was the Oak Park case that discussed this case. And I may have misled you by saying it was directly on point. It's not. It's a distinguishable case. That case actually supports the position of the Department of Education and supports the KK decision. It looks like at that time the IDEA had a provision that provided services up until a child turns 21. And that's right at the beginning of the decision. In that case, the student was not challenging the validity of the age limit. He was simply seeking to obtain additional services to which he was not entitled. But I cited to that case because it discusses the issue here. It is not determinative, nor do I know of any case that is determinative. There's dicta in the case that is highly persuasive, I think, if you're so inclined to follow what the Seventh Circuit did in this case. If you look on page 659. We'll read the case, Counsel. I understand. Thanks very much, Counsel, both sides. The case of AD v. Department of Education, State of Hawaii is submitted for decision. And the Court will be adjourned for this session.
judges: Farris, Nelson, Nguyen